## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

REBECCA MARIE POBIEGLO,      )
                                )
     Plaintiff,             )
v.                            )      Case No. 1:23-cv-00209-KAC-SKL
                                )
MATTHEW ALLEN POBIEGLO,    )
                                )
     Defendant.           )

## REPORT AND RECOMMENDATION

Pro se Plaintiff Rebecca Marie Pobieglo moves to proceed *in forma pauperis* in this action [Doc. 1]. This Court has the responsibility to screen all actions filed by plaintiffs who seek *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The only defendant named in Plaintiff's complaint is Matthew Allen Pobieglo, who appears to be Plaintiff's ex-husband. Plaintiff's complaint alleges the following:

> I filed for divorce in GA in July 2021 as plaintiff. I filed a jury demand allowed under GA state law. The judge is refusing to honor my jury demand. I made a demand to the court in GA of a demand for Federal trial on July 20, 2023 which was [illegible]. I deem it a violation of the 6th and 7th United States Constitutional Amendments. GA judge also issued final decree without a jury & without [illegible].
> . . . .
> I filed for divorce in Catoosa County, GA July 2021. Permanent Parenting Plan filed and signed by judge in March 2022 which was agreed to through mediation. I filed a jury demand with the Lookout Mountain District of Georgia and was refused one even after reaffirming my demand on multiple occasions. Violation of my 6th and 7th United States Constitutional rights. Multiple states involved including Tennessee, Georgia, and South Carolina. Please grant my request for a trial as allowed to me under the United States Constitution. This is a domestic violence case against myself and

my three young children.  Please help!  I am currently living in Tennessee at the address listed.  Some of my filings were not submitted to the Clerk of Court, but I have some electronic records [illegible].  RE: Civil Action No. 2021SUCV0632 and any and all actions related to either party in whole or in part – Lookout Mountain District Catoosa County, GA.

I demand that my entire divorce case be heard from the beginning in Federal Court.  I challenge the entire divorce proceedings held in the Lookout Mountain District of Georgia.  Various laws have been broken by many.  Domestic violence case against myself and my three children by the defendant.

[Doc. 1].

To the extent Plaintiff is attempting to sue Matthew Pobieglo pursuant to 42 U.S.C. § 1983 for violation of her rights under the Sixth and Seventh Amendments to the United States Constitution, she fails to state a claim because she alleges no facts to suggest Matthew could be considered a state actor.  A necessary predicate to liability under § 1983 is that the individual alleged to have violated the plaintiff's rights acted under color of law.  *Fitzke v. Shappell*, 468 F.2d 1072, 1075 (6th Cir. 1972).  This requires that the "conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Further, "[w]hen conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper." *Smith v. White*, No. 1:21-cv-00190-CLC-CHS, 2022 WL 2708762, at *1 (E.D. Tenn. June 21, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 2706157 (E.D. Tenn. July 12, 2022).  Plaintiff alleges no facts that would show Matthew has any contact with Tennessee.  She asserts he is a resident of Georgia.  The parties' divorce proceedings, which Plaintiff indicates she instituted and which included the establishment of a "permanent parenting plan," took place in Georgia.  Her single, vague

2

reference to "multiple states" being involved does not change the analysis. Accordingly, I conclude the Court has no basis to exercise personal jurisdiction over Matthew. For the same reasons, the Eastern District of Tennessee is not a proper venue.

In addition, to the extent Plaintiff seeks to have her "entire divorce case be heard from the beginning in Federal Court," the Court lacks jurisdiction pursuant to the domestic relations exception. *See Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (explaining that the domestic relations exception deprives a federal court of jurisdiction when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree" (quoting *Chevalier v. In re Barnhart*, No. 14-3146, 803 F.3d 789, 797 (6th Cir. 2015)). Relatedly, Plaintiff does not indicate what efforts she has made to appeal any allegedly wrongful actions taken by the Georgia divorce court.

Given these fatal deficiencies, I find justice would not be served by requiring Plaintiff to amend her complaint as this Court has no jurisdiction over her Georgia divorce action and any amendment would be futile.

## II.  CONCLUSION

For the reasons stated herein, I **RECOMMEND**[1] Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety. As a result, I **RECOMMEND** Plaintiff's application

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this Report and Recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

to proceed IFP [Doc. 2] be **DENIED AS MOOT**, but no filing fee assessed, and further that

Plaintiff's motion to appoint counsel [Doc. 3] be **DENIED AS MOOT**.


ENTER:


s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

4